UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Association of American Railroads,<br><br>                       Plaintiff,<br><br>v.<br><br><br>Bob Jacobson<br>*Commissioner of the Minnesota Department of Public Safety, in their official capacities*, Paul Marquart<br>*Commissioner of the Minnesota Department of Revenue, in their official capacities,*<br><br>                       Defendants,<br> Keith Ellison<br>*Attorney General of Minnesota, in their official capacities*,<br>Bob Jacobson<br>*Commissioner of the Minnesota Department of Public Safety, in their official capacities*,<br>Paul Marquart<br>*Commissioner of the Minnesota Department of Revenue, in their official capacities*<br><br>                     Counter Claimants,<br>v.<br><br>Association of American Railroads,<br><br>                     Counter Defendant, | C<small>IVIL</small> N<small>O</small>.  24-<small>CV</small>-1522 (KMM/TNL)<br><br><br>**PRETRIAL SCHEDULING ORDER** |

1

Bob Jacobson
*Commissioner of the Minnesota Department of Public Safety, in their official capacities,*

                ThirdParty Plaintiff,

v.

BNSF Railway Company, Wisconsin Central Ltd, Cedar River Railroad Company, Soo Line Railroad Company, Union Pacific Railroad,

                ThirdParty Defendants,

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and less expensive determination of this action, the following schedule shall govern these proceedings. This schedule may be modified only upon formal motion and a showing of good cause as required by D. Minn. LR 16.3.

1. <u>Fact Discovery</u>

    a. All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed on or before February 7, 2025.

    b. Fact discovery shall be <u>commenced in time to be completed</u> on or before September 1, 2025.

    c. No more than 25 Interrogatories, counted in accordance with Fed. R. Civ. P. 33(a), shall be served by any side.

    d. Each party agrees to abide by the Federal Rules of Civil Procedure and the Local Rules with respect to Document Requests. No more than 25 Document Requests shall be served by any side.

    e. Each party agrees to abide by the Federal Rules of Civil Procedure and the Local Rules with respect to Requests for Admission. No more than 15 Requests for Admissions shall be served by any side.

    f. No more than eight depositions, excluding expert witness depositions, shall be taken by any side.

    g. On or before February 21, 2025, the parties shall file a joint motion with a proposed Protective Order for the Court's review. The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are *compelling* reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary. If a party files a document containing confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 5.6. **Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit A attached hereto.** Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow.

    h. Any party claiming privilege or protection of trial-preparation materials shall serve on the party seeking discovery a privilege log that complies with the requirements in Fed. R. Civ. P. 26(b)(5).

2. <u>ESI Discovery Plan</u>

    a. The parties shall preserve all electronic documents that bear on any claims, defenses, or the subject matter of the lawsuit.

3. <u>Expert Discovery</u>

    a. Each side may call no more than three expert witnesses.

    b. Each side shall take no more than one deposition per expert.

    c. Disclosure of the identity of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and the full disclosures required by Fed. R. Civ. P. 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

        i. Plaintiff
1. Identification by Plaintiff on or before October 1, 2025.
2. Report by Plaintiff on or before October 1, 2025.
3. Rebuttal witness and reports shall be disclosed on or before December 1, 2025.

        ii. Defendant
1. Identification by Defendant on or before October 1, 2025.
2. Report by Defendant on or before October 1, 2025.
3. Rebuttal witness and reports shall be disclosed on or before December 1, 2025.

    d. Expert discovery, including depositions, shall be completed on or before February 1, 2026.

4. <u>Non-Dispositive Motions</u>

    a. Non-dispositive motions may be scheduled for hearing by calling the Court's Courtroom Deputy, at 612-664-5470.

    b. All motions which seek to amend the pleadings, including without limitation, a motion for leave to amend to add parties must be served on or before June 1, 2025.

    c. Except as to non-dispositive motion deadlines specifically set forth elsewhere in this Order, all non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed on or before September 1, 2025.

    d. All non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before February 1, 2026.

    e. Prior to scheduling any non-dispositive motion, parties are strongly encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through telephone conference with the Magistrate Judge. All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with D. Minn. LR 7.1 and 37.1, and shall be presented in a form that complies with D. Minn. LR 37.2.

    f. At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve non-dispositive disputes between the parties on an informal basis via a telephone conference. However, before the Court will agree to proceed with this informal resolution mechanism, the "meet and confer" required by Fed. R. Civ. P. 37(a)(1) and D. Minn. LR 37.1 must have taken place, and all parties to the dispute must <u>agree</u> to use this informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (<u>e.g.</u>, the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed). If the parties do <u>agree</u> to use this informal resolution process, one of the parties shall contact Magistrate Judge Leung's chambers to schedule the conference. The parties shall submit <u>short</u> letters prior to the conference to set forth their respective positions. The requesting party shall submit its letter 7 days prior to the conference; the responding party shall submit its letter 4 days prior to the conference. The Court will read the written submissions of the parties before the phone conference, hear arguments of counsel at the conference, and if no one changes their decision during the phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference or shortly after the conference. Depending on the nature of the dispute, the Court may or may not issue a written order. If there is no agreement to resolve

a dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

5. <u>Dispositive Motions</u>

    a. All dispositive motions must be served and filed on or before April 1, 2026. However, summary judgment motions may not be filed before the close of fact and expert discovery without seeking permission from the Court. If a party wants to file an early summary judgment motion, they must file a letter on the docket seeking leave to do so.

    b. Dispositive motions must comply with Local Rule 7.1 and the Electronic Case Filing Procedures for the District of Minnesota. Counsel must schedule a hearing on dispositive motions prior to filing by emailing Judge Menendez's chambers at menendez_chambers@mnd.uscourts.gov. Courtesy copies are not requested or accepted by Judge Menendez.

6. <u>Status & Settlement Conferences</u>

    a. On or shortly before July 16, 2025, October 15, 2025, and January 7, 2026, counsel for each party shall submit CONFIDENTIAL letters to the Court setting forth with reasonable specificity the status of the case; the relative strengths and weaknesses of each party's position; an update of efforts toward settlement; the last settlement positions of the parties; whether a settlement conference with a private mediator or the court would be productive; and a litigation budget. Each letter shall not exceed three pages. On or shortly before the date each such letter is due, counsel for the parties shall meet and confer to discuss the status of the case and discuss settlement.

    b. A final settlement conference shall be scheduled by the Court on a later date when needed.

7. <u>Trial</u>

    a. If no summary judgment motions are filed, the case must be ready for Court trial by no later than June 1, 2026.

    b. If summary judgment motions are filed, unless otherwise ordered by Judge Menendez, the case must be ready for a Court trial two months after the issuance of an Order on any summary judgment motions.

    c. Anticipated length of trial is 3-5 days.

8. <u>Prior Orders and Remedies</u>

    a. All prior consistent orders remain in full force and effect.

b. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

**IT IS SO ORDERED.**

Dated: January 30, 2025

*s/Tony N. Leung*
Magistrate Judge Tony N. Leung
United States District Court
District of Minnesota

*Association of American Railroads v. Jacobson et al*
*24-1522 KMM/TNL*

# EXHIBIT A
# SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| *26* | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *5, 8, 12-15, 23-25* | *X* | | | | *Confidential financial information.* |
| *26* | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *16-20, 26-27* | *X* | | | | *Confidential medical records.* |