UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Association of American Railroads, <br><br> Plaintiff, <br><br> vs. <br><br> Bob Jacobson, Commissioner of the Minnesota Department of Public Safety, Paul Marquart, Commissioner of the Minnesota Department of Revenue, <br><br> Defendants. <br><br><br> Bob Jacobson, Commissioner of the Minnesota Department of Public Safety, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> BNSF Railway Company, Wisconsin Central Ltd., Cedar River Railroad Company, Soo Line Railroad Company, and Union Pacific Railroad, <br><br><br> Third-Party Defendants. | Case No. 0:24-CV-01522-KMM/SGE <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO MODIFY PRETRIAL SCHEDULING ORDER** |

## INTRODUCTION

Defendants Bob Jacobson, in his official capacity as Commissioner of the Minnesota Department of Public Safety, and Paul Marquart, in his official capacity as

Commissioner of the Minnesota Department of Revenue (collectively, the "Commissioners"), bring this motion to modify the Pretrial Scheduling Order (ECF Doc. 80), in accordance with D. Minn. LR 7.1 and Rule 16(b)(4) of the Federal Rules of Civil Procedure. Though the parties have diligently, and largely cooperatively, engaged in discovery, the discovery process has taken longer than anticipated for all parties. As one critical example, the Commissioners did not receive a first set of document production from two of the Third-Party Defendant railroad companies until August 8, 2025—nearly four months after the requests for production were served on April 16, and less than a month before the September 1 deadline for completion of fact discovery. Despite this, the parties could not reach an agreement on any modifications to the schedule, nor the manner in which to present this motion to the Court.

Accordingly, in compliance with D. Minn. LR 16.3, this memorandum outlines: (1) the parties' progress in discovery to this point and the remaining discovery that must be completed; (2) a concise explanation of the complexities that have caused discovery to take longer than anticipated in the original deadlines established in this Court's Pretrial Scheduling Order; (3) how long it will take to complete the remaining discovery and the effect of the proposed modifications on the schedule for these proceedings; and (4) that good cause exists for the proposed modifications.

## PROCEDURAL AND FACTUAL BACKGROUND

This litigation involves a federal preemption challenge by Plaintiff, Association of American Railroads ("AAR"), to a Minnesota statute requiring the Commissioner of Public Safety to issue and collect assessments from railroad and pipeline companies relating to

the transportation of hazardous materials (the "Assessment").  *See* Minn. Stat. § 299A.55, subd. 4 (providing that the "commissioner of public safety must annually assess $4,000,000 to railroad and pipeline companies based on the formula specified" and for the purposes outlined by the statute).  The case includes several large institutional and governmental parties.  Besides AAR and the Defendant Commissioners, this case includes as Third-Party Defendants the Class I Railroads that operate in Minnesota, either directly or through wholly-owned subsidiaries, that are subject to the Assessment, including BNSF Railway, Wisconsin Central Ltd., Cedar River Railroad Company, Soo Line Railroad Company, and Union Pacific Railroad (collectively with AAR, the "Railroads").  *See* Minn. Stat. § 299A.55 subd. 1(b) (defining "applicable rail carrier[s]" subject to the Assessment).

Given the number of parties, and the complexities inherent in the arguments involving three significant bodies of federal law the Railroads invoke to advance their preemption arguments,[1] this case has taken time to litigate to this point.  Several extensions of time were needed throughout the pleadings phase, as cooperatively agreed to by the parties and granted by the Court.  The parties agreed to extend the time for the Commissioners to respond to AAR's Complaint (ECF Doc. 16), and for the Railroads to respond to the Counterclaim and Third-Party Complaints (ECF Doc. 24).  The Railroads were also granted an unopposed extension of the Railroads' deadline to submit their Reply

---

[1] The Railroads advance preemption arguments based on the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. 10501(b); the Railroad Revitalization and Regulatory Reform Act (the "4-R Act"), 49 U.S.C. § 11501(b); and the Hazardous Materials Transportation Act ("HMTA"), 49 U.S.C. 5125.

3

Memorandum in support of their Motion to Dismiss the counterclaim and third-party complaint (ECF Doc. 64). These several extensions in the pleadings phase did not reflect a lack of diligence by the parties; rather, they reflected the complexity of the case and, in recognition of this, the parties have to this point largely cooperated to allow the time needed to give the issues and arguments the time and attention warranted by the gravity and breadth of the dispute.[2] These aspects of the case, and the general cooperation of the parties, carried into the ensuing phases of the litigation. *See* Affidavit of Mathew Ferche ("Ferche Aff.") ¶¶ 2-10.

Following the Court's order denying the Railroads' motion to dismiss (ECF Doc. 70), the Court issued its Pretrial Scheduling Order (ECF Doc. 80) setting forth the schedule governing discovery, expert disclosures, and motion practice, among other deadlines on January 30, 2025. Pursuant to that schedule, fact discovery is set to close on September 1, 2025. Though the parties have diligently and cooperatively completed significant discovery to this point, it is evident that more time is necessary to complete fact discovery, conduct depositions, and allow for expert review, disclosures, and depositions. As such, the Commissioners submit this motion to modify the schedule to allow more time

---

[2] In addition to the above complexities, the Minnesota Legislature amended the challenged statute at issue in this case, Minn. Stat. § 299A.55, during the 2025 legislative session that adjourned on June 10, 2025. *See* Minn. Stat. § 299A.55, subd. 4 (as amended by Laws of Minnesota 2025, Ch. 8, Art. 2, sec. 84). These amendments may affect the parties' claims and defenses in these proceedings and may require additional discovery not anticipated when the Parties submitted the Rule 26(f) Report or when the Court issued its Pretrial Scheduling Order.

to complete discovery while keeping the dispositive motion and trial ready dates the same as established in the present Pretrial Scheduling Order.

## ARGUMENT

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ .P. 16(b)(4); *see also* D. Minn. LR 16.3(b)(1). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (internal quotations omitted). Because the issues and arguments in this case involve multiple areas of federal and state regulatory authority, myriad areas of HAZMAT transportation data across multiple state agencies, several railroad companies and AAR, and because the parties have demonstrated diligent progress in discovery to this point, good cause exists to modify the schedule originally set for this case.

### I. GOOD CAUSE EXISTS TO MODIFY THE PRETRIAL SCHEDULING ORDER.

Because the parties have diligently completed significant aspects of discovery to this point, good cause exists to modify the schedule to allow additional time necessary to complete the remaining fact discovery, including but not limited to additional document production and review, fact witness depositions, and expert disclosures and depositions.

#### A. **The Parties Have Diligently Made Progress During Discovery.**

Since the issuance of the Pretrial Scheduling Order, and pursuant to the requirements in D. Minn. LR 16.3(c)(1), significant progress on discovery has been made. All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) are complete. Ferche Aff. ¶ 2. The parties stipulated to an ESI protocol that was approved by the Court (ECF

Doc. 82) and agreed to terms of a protective order to govern disclosure and production of documents, which the Court approved on March 6, 2025.[3] (ECF Doc. 85). With those discovery parameters set, all parties thereafter diligently engaged in and completed substantial written discovery, including requesting and responding to initial sets of Interrogatories, Requests for Admission, and Requests for Production. Ferche Aff. ¶¶ 3-10. In order to make this progress, all parties cooperated to provide requested extensions to respond to discovery requests, as well as extensions to produce responsive documents. *Id.* The Commissioners and the Railroads have produced and are reviewing tens of thousands of pages of documents responsive to each party's respective requests, with additional production provided on a rolling basis pursuant to the mutual understanding and cooperation of the Parties. Ferche Aff. ¶¶ 8-10. This progress is significant, and establishes not only diligence, but also notable cooperation of the parties up to this point.

> **B.  The Case Presents Complexities Causing Discovery to Take Longer Than Anticipated in the Original Schedule.**

Because the case involves several Class I railroads, their industry association, more than one state agency, and also implicates records and data from agencies and HAZMAT transportation industries not party to this case, the gathering of responsive information raises complications and complexity that has required additional time for several aspects of discovery. In perhaps the most telling example, the Commissioners did not even receive a first set of document production from two of the third-party defendant railroad companies

---

[3] Notably, given concerns about the confidentiality of certain data—particularly for the Railroads—meaningful discovery practice was largely not feasible before the terms set forth in the protective order were established.

until August 8, 2025—nearly four months after the requests for production were served on April 16.[4] Ferche Aff. ¶¶ 4, 6-9. With fact discovery set to close on September 1, the timing of this production and the August 21 supplemental production did not afford adequate time to complete document review and engage in meaningful fact witness depositions utilizing the documents produced, or the opportunity to engage in discovery motion practice (if warranted) before discovery closes. The legislative amendments to section 299A.55 may also add additional complexity to the remaining discovery, and may prompt discovery and issues not anticipated when the original schedule was established or when the parties served their first sets of discovery requests, before the amendments were enacted. Ferche Aff. ¶¶ 3-4. Moreover, because discovery parameters governing document production were not fully established until the protective order was issued on March 6, the time for meaningful discovery production was already significantly condensed.

The parties cooperatively and diligently engaged in discovery throughout spring and summer and made demonstrable progress on this complicated case. Nonetheless, the schedule does not afford adequate time to complete fact or expert discovery. Accordingly, the parties have diligently, but unsuccessfully, attempted to meet the Court's original

---

[4] In bringing this motion, the Commissioners do not allege any bad faith in this delay. Rather, the Commissioners maintain that because this case includes numerous institutional parties with legal and factual disputes across multiple bodies of law implicated by the Assessment and the transportation of hazardous materials, the need for reasonable discovery extensions was recognized—and agreed upon—by all parties up to this point. *See* Ferche Aff. ¶¶ 5-7.

scheduling requirements, and good cause exists to modify the schedule established in the Pretrial Scheduling Order.

> II. **THE COMMISSIONERS' PROPOSED SCHEDULE MODIFICATIONS ARE A REASONABLE REQUEST TO ACCOMMODATE REMAINING FACT AND EXPERT DISCOVERY AND WILL NOT ALTER THE COURT'S SCHEDULE FOR DISPOSITIVE MOTIONS AND TRIAL.**

Pursuant to the requirements in D. Minn. LR 16.3(c)(4), the modifications proposed in this motion reasonably anticipate the time required to complete the remaining fact and expert discovery and would not affect the Court's schedule for dispositive motions or trial, if necessary. *See* D. Minn. LR 16.3(b)(2) (requiring that the movant "explain the proposed modification's effect on any deadlines"). The Commissioners' proposed modifications include only modifications to the schedule for fact discovery, expert discovery, and non-dispositive motions:

a. Fact discovery shall be completed on or before December 1, 2025.

b. Disclosure of the identity of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and the full disclosures required by Fed. R. Civ. P. 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

   i. All parties shall identify expert witness(es) and provide the accompanying written report(s) on or before January 1, 2026.

   ii. Rebuttal witness(es) and report(s) shall be disclosed on or before February 1, 2026.

8

    c. Expert discovery, including depositions, shall be completed on or before March 1, 2026.

    d. All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served on or before December 1, 2025.

    e. All non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before March 1, 2026.

All other deadlines and terms in this Court's Pretrial Scheduling Order (ECF Doc. 80), including dispositive motion deadlines and other prior consistent orders, shall remain in full force and effect. These modifications would accommodate the additional time needed to develop the case without impacting the most critical deadlines in the Court's schedule.

### III. THE COMMISSIONERS DILIGENTLY EXPLORED MODIFICATIONS TO THE SCHEDULE WITH COUNSEL AND BROUGHT THIS MOTION AS SOON AS IT WAS CLEAR NO AGREEMENT WAS POSSIBLE.

Because the Commissioners had not received any documents from the Railroads in response to the Commissioner of Public Safety's requests for production served on April 16, counsel for the Commissioners proposed exploring mutually-agreeable modifications to the schedule at a July 10 meet-and-confer to discuss case status and settlement in advance of the submission of confidential letters to the Magistrate as required by section 6.a of the Pretrial Scheduling Order. Ferche Aff. ¶ 9. At that time, it appeared that all parties recognized the need for additional time and that some stipulated modifications to the discovery schedule would be possible, given the extensions needed and agreed to by the parties to gather, review, and produce documents, and considering the issues raised by the amendments to Minn. Stat. § 299A.55. *Id.* Given that an initial

9

production from all Railroads was not provided to the Commissioners until August 8—nearly four months after the Commissioner's request, and days before the scheduled close of fact discovery—and with the cooperation of the parties up to this point, it was reasonable to anticipate some agreement to allow completion of discovery and depositions for all parties.

At two meet-and-confers on August 22 and on August 27, counsel for the Commissioners renewed discussions about the possibility of a joint motion to modify the schedule with the counsel for the Railroads, including the Commissioners' proposal to utilize the informal resolution process "strongly encouraged" in sections 4.e and 4.f of the Pretrial Scheduling Order to resolve any disagreement, noting the upcoming deadlines for fact discovery and expert disclosures. Ferche Aff. ¶ 11. The Railroads now, however, refused to agree to any modifications and refused to agree to any possibility of expedient resolution utilizing the informal resolution process "strongly encouraged" by this Court. (ECF Doc. 80); Ferche Aff. ¶ 11. Instead, counsel stated that the Railroads would insist that any motion by the Commissioners to modify the schedule be brought pursuant to all requirements in D. Minn. LR 7.1. Ferche Aff. ¶ 11.

To the extent that the Railroads argue that there is a lack of diligence by the Commissioners, such allegations do not comport with the history of these proceedings. The Commissioners request that this Court acknowledge the diligent progress made to this point, and recognize that additional time is warranted and supported by good cause under the circumstances leading to this motion.

## CONCLUSION

The Commissioners and the Railroads have, to this point, diligently and cooperatively acted in good faith to advance the case and comply with this Court's orders, including the schedule. Despite the current disagreement between the parties, the relief requested by the Commissioners is reasonable and balances efficient litigation of this case while allowing time for the depth of analysis warranted by the complexity of the issues presented and the "fact intensive inquiry" this Court acknowledged was necessary to resolve the dispute. (ECF Doc. 70 at 30). Accordingly, the Commissioners respectfully request that this Court find good cause exists to modify the Pretrial Scheduling Order consistent with the Commissioners' requests in this Motion, and granting any such other relief it deems just and proper.

Dated:  August 29, 2025

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

/s/ **Mathew Ferche**
MATHEW FERCHE (#0391282)
Assistant Attorney General
445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2131
(651) 757-1457 (Ferche)
mathew.ferche@ag.state.mn.us

*Attorney for Defendant and Third-Party Plaintiff Bob Jacobson, in his official capacity as Commissioner of the Minnesota Department of Public Safety and Defendant Paul Marquart, in his official capacity as Commissioner of the Minnesota Department of Revenue*