UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ASSOCIATION OF AMERICAN RAILROADS,<br><br>    Plaintiff,<br><br>        v.<br><br>BOB JACOBSON,<br>   *Commissioner of the Minnesota Department of Public Safety*, and<br><br>PAUL MARQUART,<br>   *Commissioner of the Minnesota Department of Revenue*<br><br>in their official capacities,<br><br>    Defendants. | Case No. 0:24-cv-01522-KMM/SGE<br><br>**DECLARATION OF ANDREW W. DAVIS, ESQ., IN SUPPORT OF ASSOCIATION OF AMERICAN RAILROADS' AND THIRD-PARTY DEFENDANTS' MEMORANDUM IN OPPOSITION TO THE STATE'S MOTION TO MODIFY PRETRIAL SCHEDULING ORDER** |
| BOB JACOBSON,<br>   *Commissioner of the Minnesota Department of Public Safety*,<br><br>    Plaintiff,<br><br>        v.<br><br>BNSF RAILWAY COMPANY, WISCONSIN CENTRAL LTD., CEDAR RIVER RAILROAD COMPANY, SOO LINE RAILROAD COMPANY, AND UNION PACIFIC RAILROAD,<br><br>    Third-Party Defendants. | |

I, Andrew W. Davis, declare as follows:

1. I am an attorney admitted to the bar of this Court. I am a partner at the law firm of Stinson LLP, and a counsel of record for Plaintiff Association of American Railroads ("AAR") and Third-Party Defendants BNSF Railway Company, Soo Line Railroad Company, and Union Pacific Railroad (together with Third-Party Defendants Cedar River Railroad Company and Wisconsin Central Ltd., the "Railroads") in the above-captioned action. I offer this declaration in support of AAR and the Railroads' memorandum in opposition to the State's Motion to Modify Pretrial Scheduling Order. I have personal knowledge of all the facts set forth in this declaration (unless otherwise noted), and, if called to testify, I would competently testify to them.

2. The parties in this action exchanged their Initial Disclosures on February 7, 2025. Each party's Initial Disclosures identified individuals likely to have discoverable information that the party might use to support its claims and defenses.

3. Defendant Commissioner Bob Jacobson served his first sets of Interrogatories, Requests for Admission, and Requests for Production on AAR and the Railroads on April 16, 2025. These included 12 interrogatories, five requests for admission, and 13 requests for production for AAR, and five interrogatories, four requests for admission, and 13 requests for production for each Railroad. Following two extensions, AAR and the Railroads served their written responses and objections to Defendant's Interrogatories, Requests for Admission, and Requests for Production on June 6, 2025.

4. AAR and the Railroads served their first sets of Interrogatories, Requests for Admission, and Requests for Production on the State on March 21, 2025. These included

2

13 interrogatories, nine requests for admission, and 14 requests for production. The State served its written responses and objections to AAR and the Railroads' Requests for Admission on April 21, 2025, and, following an extension, served its written responses and objections to AAR and the Railroads' Interrogatories and Requests for Production on May 5, 2025.

5. In this action, AAR and the Railroads have produced a total of 2,081 documents comprising 106,124 pages. On July 28, 2025, AAR produced 1,584 documents comprising 47,549 pages, Cedar River Railroad Company and Wisconsin Central Ltd. produced 132 documents comprising 5,352 pages, and Union Pacific Railroad produced 52 documents comprising 6,203 pages. On August 8, 2025, BNSF Railway Company produced 162 documents comprising 920 pages, and Soo Line Railroad Company produced 138 documents comprising 44,352 pages. On August 21, 2025, AAR produced a privilege log and one document comprising 46 pages, and BNSF Railway Company produced 12 documents comprising 1,702 pages.[1]

6. With the production described above, AAR and the Railroads completed their planned document production in this action.

---

[1] Cedar River Railroad Company and Wisconsin Central Ltd., which are both indirect subsidiaries of parent company Canadian National Railway Company, produced a single, combined set of documents.

Statistics for pages and documents produced were calculated by AAR and the Railroads' discovery vendor, and sometimes differ in slight, non-material ways from the statistics included in the Affidavit of Mathew Ferche (Dkt. 90).

7. In this action, the State has produced a total of 2,438 documents comprising 27,378 pages. On June 20, 2025, the State produced 2,348 documents comprising 27,086 pages. On August 25, 2025, the State produced 90 documents comprising 292 pages.

8. No party, including the State, has noticed any depositions in this action.

9. No party, including the State, has raised any claimed deficiency regarding the completeness or responsiveness of another party's Initial Disclosures, written discovery responses, or document production in this action.

10. AAR and the Railroads are closely coordinating with their expert in this action, who is working to complete his initial report by October 1, 2025, the deadline specified in the Court's Pretrial Scheduling Order for initial expert reports. *See* Dkt. 80 ¶ 3c.

11. Between June 30, 2025, and July 10, 2025, counsel for the parties discussed potentially modifying the discovery schedule, but did not reach an agreement. On July 10, 2025, I held a telephonic meet-and-confer with counsel for the State regarding the status of the case and settlement as required by Section 6a of the Pretrial Scheduling Order. *See* Dkt. 80 ¶ 6a. During this meet-and-confer, we also discussed potential modifications to the discovery schedule, and counsel for the State advised that he would discuss the issue further with his clients.

12. AAR and the Railroads received no further communication from the State regarding any extension or scheduling proposal until Friday, August 22, 2025. On that date, counsel for the State sought AAR and the Railroads' position, via email and during a subsequent telephonic meet-and-confer, on a motion to extend all discovery deadlines by

4

four months. Under this proposal, the fact discovery deadline would have been extended from September 1, 2025, to January 1, 2026. At the meet-and-confer, counsel for the State indicated that the State intended to file a motion to extend discovery deadlines the following week regardless of the position of AAR and the Railroads. I responded that I would confer with AAR and the Railroads and provide a response to the request.

13. During a telephonic meet-and-confer held on Wednesday, August 27, 2025, I advised counsel for the State that AAR and the Railroads had abided by the Court's Scheduling Order and would not agree to the State's proposed discovery extension.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Minneapolis, Minnesota on this 5th day of September, 2025.

*/s/ Andrew W. Davis*
Andrew W. Davis