# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Association of American Railroads, | Case No. 24-cv-1522 (KMM/SGE) |
| Plaintiffs, | |
| v. | **ORDER** |
| Bob Jacobson, *Commissioner of the Minnesota Department of Public Safety*, & Paul Marquart, *Commissioner of the Minnesota Department of Revenue*, in their official capacities, | |
| Defendants. | |
| Bob Jacobson, *Commissioner of the Minnesota Department of Public Safety*, | |
| Third-Party Plaintiff, | |
| v. | |
| BNSF Railway Co., Wisconsin Central Ltd., Cedar River Railroad Co., Soo Line Railroad Co., & Union Pacific Railroad, | |
| Third-Party Defendants. | |

This matter is before the Court on Defendants' Motion to Modify the Pretrial Scheduling Order (Dkt. 87). The Court heard oral argument on the motion October 7, 2025. (*See* Dkt. 125.) Andrew Davis of Stinson LLP and Thomas Dupree, Jr. of Gibson, Dunn & Crutcher LLP appeared on behalf of the Plaintiff and Third-Party Defendants, and Assistant

Attorney General Mathew Ferche appeared on behalf of the Defendants. For the reasons that follow, the Court will grant the Motion.

## **BACKGROUND**

This litigation concerns a federal preemption challenge to a Minnesota statute that imposes assessments on railroad and pipeline companies relating to the transportation of hazardous materials across the state. In short, the Plaintiff and Third-Party Defendants (collectively, "the Railroads") advance preemption arguments based on the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10501(b), the Railroad Revitalization and Regulatory Reform Act, 49 U.S.C. § 11501(b), and the Hazardous Materials Transportation Act, 49 U.S.C. § 5125.

The Complaint was filed on April 26, 2024. (Dkt. 1.) On June 7, 2024, the Defendants answered the Complaint and raised a counterclaim against the Association of American Railroads for declaratory relief under 28 U.S.C. § 2201. (Dkt. 18.) Additionally, on July 2, 2024, the Defendants filed a third-party complaint against specific railroads for alleged unpaid and overdue assessments. (Dkt. 29.) On July 19, 2024, the Plaintiffs and Third-Party Defendants filed a motion to dismiss the counterclaim and third-party complaint. (Dkt. 46.)

On December 11, 2024, United States District Judge Katherine Menendez denied the Plaintiff and the Third-Party Defendants' motion to dismiss. (Dkt. 70.) Plaintiff filed a reply to Defendants' Counterclaim and Third-Party Defendants answered the Third-Party Complaint on January 10, 2025. (Dkts. 75 & 76). This Court entered the Pretrial Scheduling

Order on January 30, 2025. (Dkt. 80.) Under this order, fact discovery was to close on September 1, 2025. (*Id.*)

Pursuant to the Pretrial Scheduling Order, the parties served their initial disclosures on February 7, 2025, and began serving written discovery requests, interrogatories, requests for admission and requests for production thereafter. The Railroads served their first written discovery requests, including Interrogatories, Requests for Admission, and Requests for Production, on March 21, 2025. (Ferche Aff., Dkt. 90, ¶ 3; Davis Decl., Dkt. 95, ¶ 4.) Defendants served their first discovery requests, including Interrogatories and Requests for Production, on April 16, 2025. (Ferche Aff., ¶ 4; Davis Decl., ¶ 3.) Throughout May and June, the parties provided each other various extensions to respond to certain discovery requests. (Ferche Aff. ¶¶ 5-7; *see also* Davis Decl. ¶¶ 3-4.)

On June 20, 2025, Defendants produced documents totaling 27,086 pages. (Ferche Aff. ¶ 8; Davis Decl. ¶ 7.) The parties then met and conferred regarding document production and discovery deadlines on July 10, 2025. (Ferche Aff. ¶ 9; David Decl. ¶ 11.) At this time, the Railroads had not produced any documents in response to Defendants' RFPs. The parties discussed extending the discovery deadlines but did not come to an agreement.

On July 28, 2025, the Railroads made their first document production which totaled 59,104 pages. They provided another production of 45,272 pages of documents on August 8, 2025, and a final production of 1,748 pages of documents and a privilege log on August 21, 2025. In total, the Railroads produced 107,662 pages in the approximate month before the close of discovery. (Ferche Aff. ¶ 10; Davis Decl. ¶ 5.)

3

After the Railroads' last production on August 21, 2025, the parties met-and-conferred on August 22, 2025, to discuss extending the discovery deadline. (Ferche Aff. ¶ 11; Davis Decl. ¶ 12.) The Defendants then supplemented their document production with 292 pages more on August 25, 2025. (Ferche Aff. ¶ 12.)

On August 27, 2025, the parties met and conferred again about extending the discovery deadline but were unable to reach an agreement. (Ferche Aff. ¶ 11; Davis Decl. ¶ 13.) This motion followed.

## ANALYSIS

The federal rules provide that the Pretrial Scheduling Order "may be modified only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The primary measure of good cause is "the movants diligence in attempting to meet the [scheduling] order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (cleaned up). Put differently, the "good cause" standard "demands a demonstration that the existing schedule cannot be reasonably met despite the diligence of the party seeking the extension." *Scheidecker v. Arvig Enters.*, 193 F.R.D. 630, 632 (D. Minn. 2000) (cleaned up). As with other scheduling matters, the good cause showing "falls within the magistrate judge's broad discretion." *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019). "[W]hile diligence is the primary factor for assessing good cause, nothing limits the Court's 'broad discretion in establishing and enforcing the deadlines' in the scheduling order." *Portz v. St. Cloud State Univ.*, Case no. 16-cv-1115 (JRT/LIB), 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)). Ultimately, the Federal Rules of Civil Procedure require courts to construe and administer Rule 16 "to

4

secure the just, speedy, and inexpensive determination of [the] action." *See White v. Nat'l Football League*, 756 F.3d 585, 596 (8th Cir. 2014) (quoting Fed. R. Civ. P. 1).

Defendants seek an extension of the discovery deadline, arguing that although the parties have diligently and cooperatively engaged in the discovery process, the Railroads document productions were all within approximately one month of the close of fact discovery, which left Defendants inadequate time to review the documents and prepare for and conduct depositions. The Railroads argue that Defendants cannot demonstrate good cause because they have not been diligent in conducting discovery, they fail to identify a particularized need for more discovery, and amending the scheduling order to allow for more discovery would prejudice the Railroads.

Based on the record before the Court and the arguments of counsel, the Court determines that good cause exists to modify the scheduling order. First, the Railroads' argument that Defendants cannot demonstrate diligence rings hollow to this Court. The parties repeatedly met and conferred regarding discovery requests and (importantly) document production throughout the spring and summer of 2025. All the same, the Railroads did not produce a single document until just more than one month remained in discovery. It seems contradictory to argue that on Defendants' failure to schedule depositions demonstrates a lack of diligence when the Railroads did not produce the thousands of pages of documents necessary for those depositions until only one month before the deadline to conduct those depositions.

Defendants do not argue (and this Court does not find) that the Railroads have conducted discovery in bad faith. And although Defendants request more time to conduct

discovery, they are not seeking additional depositions, interrogatories, or requests for production beyond what the Pretrial Scheduling Order already allows. *Cf. Archer Daniels Midland v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 587 (D. Minn. 1999) (requiring a "particularized showing" where defendant sought "a more expansive allowance of Interrogatories, or depositions"); *Fuller v. Hafoka*, Case no. 19-cv-886 (PJS/BRT), 2020 WL 4875457, at *1 (D. Minn. Aug. 19, 2020) (requesting leave to serve 16 additional document requests beyond what Pretrial Scheduling Order allowed). The course of discovery and production demonstrate that the discovery timeline established in the Pretrial Scheduling Order cannot be met in spite of the parties' diligence.

Second, the Court disagrees with the Railroads that Defendants have failed to show a particularized need to justify their requested extension of the discovery deadline. Defendants did not wait months before beginning to review discovery they already possessed. *Cf. Restoration Builders, Inc. v. Vining*, Case no. 23-cv-3616 (PJS/SGE), 2024 WL 5233148, at *3 (D. Minn. Dec. 27, 2024). The Railroads produced over 107,000 pages of documents at the tail end of discovery in the midst of ongoing meet-and-confers about potentially extending the discovery deadline, producing some documents as late as August 21, 2025. Considering this case implicates multiple state and federal statutory schemes and presents arguments that require fact-intensive inquiry for full and fair resolution, the Court determines that Defendants have demonstrated a particularized need to review the discovery produced in advance of depositions.

Finally, the Court finds that extending the discovery deadline will not unfairly prejudice either party. It is true that granting Defendants' requested extension will require

6

the parties to redo their expert reports. However, as set forth above, the cause of the requested extension was not a lack of diligence. Neither is the cause a "tactical decision" based on Defendants' belief that they would win a dispositive motion and forego the need for any discovery or to prevent inconvenience to their clients. *See Sorin Group USA, Inc. v. St. Jude Medical S.C., Inc.*, Case no. 24-cv-4023 (JRT/JSM), 2016 WL 11783760, at *7 (D. Minn. Nov. 2, 2016) (finding an absence of compelling circumstances and diligence where defendant "made a tactical decision not to depose" witnesses "likely because it believed it would win its summary judgment motion and wanted to avoid burdening its client with the stress of testifying"). Furthermore, Defendants moved for this amendment before the close of discovery, long before the "eve of trial" and with sufficient time to incorporate any new discovery into amended expert reports without delaying dispositive motions or trial.

## ORDER

Accordingly, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Defendants' Motion to Modify the Pretrial Scheduling Order (Dkt. 87) is **GRANTED.** An Amended Pretrial Scheduling Order will be issued contemporaneously with this Order.

Dated: October 21, 2025

                                               *s/Shannon G. Elkins*
                                               SHANNON G. ELKINS
                                               United States Magistrate Judge