**The Office of**
# Minnesota Attorney General Keith Ellison
helping people afford their lives and live with dignity and respect   •   www.ag.state.mn.us

April 13, 2026

Honorable Katherine M. Menendez
Unites States District Court
300 South Fourth Street
Minneapolis, MN 55415

> **Re:**   *American Association of Railroads v. Jacobson et al.*
> **Civil File No. 24-CV-01522 (KMM/SGE)**

Dear Judge Menendez:

With the Court's permission, the State is submitting this letter to address briefing on motions filed by the Plaintiff American Association of Railroads and its counter-defendant railroad members ("the Railroads").

As the Court knows, this suit concerns whether a fee imposed by the State on railroads to support emergency preparedness is preempted by federal law.

On April 8, the Railroads filed memoranda in support of two motions – a motion for summary judgment, and a *Daubert* motion to exclude the testimony of an expert witness the State retained to analyze the costs and burdens the State incurs to prepare for rail accidents, particularly in comparison to other modes of transportation. Both motions are set to be argued contemporaneously at a motion hearing scheduled for June 9.

The State understands the Court's practice pointers to require that these types of combination arguments – where a party simultaneously seeks or opposes summary judgment and moves to exclude an opposing expert – to require combined briefing in one memorandum. Here, the Railroads filed separate memoranda. Together, those opening memoranda *already* exceed the total 12,000 word limit allowed for opening *and* reply briefs (12,363 words).

Based on our (written) meet and confer with the Railroads, our understanding of their position is this – that the Court's rule requiring consolidation of briefing applies only where the summary judgment motion depends on prevailing on the *Daubert* motion.

The Court obviously knows better than anyone the intent of its practice pointers, but the State does not read them so narrowly. The language the Railroads rely on strikes us as explanatory, and the breadth of the rule seems clear in its introductory sentence, requiring consolidation wherever "a party seeks to bring a *Daubert* motion in connection with a dispositive motion."

445 Minnesota Street, Suite 1400, St. Paul, MN 55101-2131
Office: (651) 296-3353  •  Toll Free: (800) 657-3787  •  Minnesota Relay: (800) 627-3529
An Equal Opportunity Employer Who Values Diversity  •  Printed on 30% Post-Consumer Material Paper

We also note the Railroads' construction would permit dual briefing whenever a party can *also* fashion an argument that summary judgment should be granted even if the *Daubert* motion is denied. We anticipate few counsel would have difficulty conjuring such an argument if it relieved them of the requirement to file a single consolidated brief – and this reading would likely induce more briefing rather than less. And the State is impacted by this difference. If the Railroads' summary judgment motion does not depend on its *Daubert* motion, as it claims, then the State is entitled to brief summary judgment with the full benefit of its expert's opinion (and not depend on alternative arguments in its limited word count). As the State understands it, that is an additional purpose of the Court's joint memorandum requirement.

To the extent the Railroads believed that they needed more space than the 12,000 words allowed under the rule for their memoranda, they could have moved for that relief. Notably, the parties met and conferred on a (slightly) enlarged briefing schedule. The State assumed for purposes of scheduling that it would see consolidated briefing not to exceed 12,000 words. The Railroads could have, but did not, raise the issue of word limits or filing two briefs at that time.

The State requests the Court provide guidance, and if appropriate, direction to the parties on how to proceed. The State's suggestion would be that the Railroads either submit an amended combined memorandum, or that the Court stay proceedings on the *Daubert* motion until the later motion in limine deadline. Thank you for considering the State's concerns.

Sincerely,

OLIVER J. LARSON
Assistant Attorney General

(651) 757-1265 (Voice)
(651) 297-4139 (Fax)
oliver.larson@ag.state.mn.us

*Attorney for the State*