The Office of
Minnesota Attorney General Keith Ellison
helping people afford their lives and live with dignity and respect • www.ag.state.mn.us

November 12, 2026

Honorable Katherine M. Menendez
Unites States District Court
300 South Fourth Street
Minneapolis, MN 55415

**Re:** ***American Association of Railroads v. Jacobson et al.***
**Civil File No. 24-CV-01522 (KMM/SGE)**

Dear Judge Menendez:

On November 11, the plaintiff/counter-defendant and third-party-defendants in this matter (the "Railroads") filed a document they styled as a notice of supplemental authority, without prior permission of the court. The State defendants/counter-plaintiffs/third-party-plaintiffs (the "State Defendants") seek leave to file this letter in response.

The State Defendants note that the federal rules of civil procedure and the local rules have no provision for filing briefs (or notices) like the one filed by the Railroads. The rules of this Court have no analog to Federal Rule of Civil Appellate Procedure Rule 28(j), which is the appellate rule for providing notice of supplemental authority. The typical practice in district court is therefore to seek court permission to file a letter setting forth supplemental authority – a process the Railroads did not follow here. The State Defendants also note that the Railroads' filing is in effect an additional brief, and goes beyond what would be typical in these situations. FRAP 28(j), for example, limits such submissions to 350 words. This is not the first time the Railroads have taken liberties with this Court's rules on briefing. *See* Dkt. 115.

Substantively, the Railroads call this Court's attention to a recent "Statement of Board Policy" from the Surface Transportation Board. Even if this Court were to give significant weight to it, the Board's statement supports *denying* the Railroads' summary judgment motion. Among other things, the statement emphasizes that "the case-specific analysis required to determine preemption is often fact-intensive and detailed." The Board further notices that preemption cases are generally resolved on an "as-applied" basis. The statement therefore provides little support for resolving this case on summary judgment.

The State Defendants further note federal courts no longer give deference to administrative agencies in interpreting statutes. Thus, even if the Board's statement is intended to be a statement of the Board's interpretation of applicable law (which is questionable), this Court would give it no weight. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) ("Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires.")

Sincerely,

OLIVER J. LARSON
Assistant Attorney General

(651) 757-1265 (Voice)
(651) 297-4139 (Fax)
oliver.larson@ag.state.mn.us

*Attorney for the State Defendants*